OPINION
{¶ 1} Plaintiffs-appellants, John A. Sherred et al. ("collectively appellants"), appeal from the February 14, 2002 decision of the Franklin County Court of Common Pleas granting defendants-appellees', Estate of Emily Jill Koon et al. (collectively "appellees" or "the property owners"), motion for summary judgment filed November 5, 2001. For the following reasons, we affirm the judgment of the trial court.
{¶ 2} This case arises out of an injury accident that occurred on October 25, 1996, at property located at 2163 Tupsfield Drive, Columbus, Ohio 43229 ("property"). The following facts are derived from appellants' complaint filed on September 29, 2000, and appellants' depositional testimony.
{¶ 3} On March 30, 1995, appellants entered into a rental agreement with appellees. Appellants were tenants of the property from April 1, 1995 to October 28, 1996.
{¶ 4} On or about June 3, 1996, the basement of the property flooded and sustained water damage due to heavy rainfall. As a result, an employee or agent of the property owners chiseled a large hole in front of appellants' washer and dryer, and installed a sump-pump to drain the water. According to appellants, the hole was approximately three to four feet in depth and two to three feet in diameter. In their complaint, appellants allege that the employee/agent of the property owners did not place a protective covering over the hole. Appellants allege they requested that the hole be covered because it "posed a dangerous condition as a trip or other type of hazard." (Complaint, ¶ 17.) Despite their repeated demands, a protective covering was never placed over the hole. In her deposition, Mrs. Sherred stated that she placed a board over the top of the hole, because she did not want to smell the toxic sewage fumes. (Wilma Virginia Haught-Sherred, October 17, 2001, Depo. p. 15.)
{¶ 5} In September 1996, appellants were served with a notice to vacate the property due to unpaid rent for the month of September. Pursuant to an oral agreement, the property owners granted appellants until October 28, 1996, to voluntarily remove their items and vacate the property.
{¶ 6} On or about October 25, 1996, while Mrs. Sherred was at the new apartment cleaning, Mr. Sherred remained at the old property to clean the living room and to remove the washer and dryer located in the basement. When Mrs. Sherred returned to the property, she called out to Mr. Sherred, but she received no response. While searching the property, she heard moaning noises coming from the basement. Mrs. Sherred found Mr. Sherred lying on the basement floor with one foot in the sump-pump hole and a furniture dolly, which was holding the washing machine, lying on top of him.
{¶ 7} In their complaint, appellants alleged that the hole was a nuisance, that appellees' failure to cover the hole was negligence and/or gross negligence, and that appellees breached their contractual and statutory duty in failing to cover the hole.
{¶ 8} On October 25, 2000, appellees filed an answer to appellants' complaint. On November 5, 2001, appellees filed a motion for summary judgment alleging that they are entitled to judgment as a matter of law because there was no evidence that Mr. Sherred's alleged fall and injury was caused by the hole. Appellees further contend that, even if Mr. Sherred's fall was caused by the presence of the hole, appellees did not breach any duty owed to appellants. Appellees argued that the hole's existence was known to appellants and therefore constituted an open and obvious condition. Appellees filed the deposition of appellants in support of their motion for summary judgment.
{¶ 9} On December 10, 2001, appellants filed a memorandum contra to appellees' motion for summary judgment contending that, while the hole was an open and obvious condition, the open and obvious doctrine is no longer a viable defense under comparative negligence principles. On February 14, 2002, the trial court concluded that the open and obvious doctrine continued to be a viable defense in the Tenth District. The trial court granted appellees' motion for summary judgment concluding that the hole was an open and obvious danger and, consequently, appellees had no duty to protect appellants from an open and obvious danger. It is from this judgment that appellants appeal, assigning the following as error:
{¶ 10} "1. The trial court below erred to the appellants' prejudice by granting summary judgment to the appellees, where said appellees were not entitled to judgment as a matter of law.
{¶ 11} "2. The trial court below erred to the appellants' prejudice by granting summary judgment to the appellees, where there were issues of material fact that could only be determined by the trier of fact."
{¶ 12} In both of their assignments of error, appellants contend that summary judgment was improperly granted. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
{¶ 13} "* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
{¶ 14} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
{¶ 15} Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record.
{¶ 16} Appellants contend summary judgment was not proper because appellees' repair activity created the hazard, which directly and proximately caused Mr. Sherred's injuries. Appellants allege that appellees failed to meet their duty of care because appellees allowed the hazard to persist by not covering up the hole. Furthermore, appellants assert that the reasonableness of Mr. Sherred's conduct is a question of fact to be determined by the trier of fact and not to be determined in a summary judgment proceeding.
{¶ 17} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103, 108-109; Sedar v. Knowlton Constr. Co. (1990),49 Ohio St.3d 193, 198. See, also, Texler v. D.O. Summers Cleaners 
Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680 (in order to establish negligence, the plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately caused from the breach).
{¶ 18} R.C. 5321.04(A)(3) states in pertinent part that "[a] landlord who is a party to a rental agreement shall do all of the following: * * * (3) [k]eep all common areas of the premises in a safe and sanitary condition[.]" The Ohio Supreme Court has held that:
{¶ 19} "The legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created. * * * In point of fact, the exceptions nearly have swallowed up the general rule of landlord immunity. Some of the commonly accepted exceptions that give rise to landlord liability include the following: concealment or failure to disclose known, nonobvious latent defects; defective premises held open for public use; defective areas under the landlord's control; failure to perform a covenant to repair; breach of a statutory duty; and negligent performance of a contractual or statutory duty to repair. * * * " Shump v. First Continential-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 418. (Emphasis added.)
{¶ 20} In this case, the trial court, in granting appellees' motion for summary judgment, relied on this court's holding in Howson v. Amorose (Nov. 30, 2000), Franklin App. No. 00AP-8. Howson, while riding her bicycle in the apartment complex where she resided, fell and injured herself. Howson alleged that a water-filled pothole in the parking lot of the complex was a defective condition that caused her fall and injury, and that the defendants breached their duty of reasonable care in failing to protect her from the unreasonable danger. The defendants alleged that they were entitled to summary judgment because Howson knew of the pothole, and it was an open and obvious condition against which Howson could reasonably be expected to protect herself. The trial court granted the defendants' motion for summary judgment.
{¶ 21} On appeal, this court determined that Howson admitted that she was aware that the parking lot contained numerous potholes, and she had prior knowledge of the particular pothole in which she fell. We concluded:
{¶ 22} "* * * [B]ecause plaintiff had complete appreciation of the presence of the pothole, the allegedly unreasonable condition created by the overlying water was not a latent defect, but was an open and obvious hazard. * * * [T]he law does not impose a duty to warn upon the owner of the premises where the hazard is known to the invitee and is open and obvious. Consequently, defendants had no duty to warn plaintiff." Id.
{¶ 23} Applying the holding of Howson, we determine that the trial court's grant of appellees' summary judgment was proper. Both appellants admitted to their knowledge of the existence of the hole. In Mr. Sherred's deposition, he stated that he had seen the hole before, and he knew the hole was there when he was moving the washer. (John A. Sherred, July 23, 2001, Depo. p. 41.) Mrs. Sherred also attested that she was aware of the hole for approximately three months. (Mrs. Sherred Depo. p. 17-18.) Appellants' preexisting knowledge of the hole negates any breach on the part of appellees to warn appellants. See Sheppard v. KAP Realty (Aug. 12, 1999), Franklin App. No. 75860 (the open and obvious nature of the pothole relieved appellee of a duty to warn when appellant's preexisting knowledge of the pothole and its location negates any breach of duty on the part of appellee).
{¶ 24} Furthermore, this court has consistently held that since a landowner owes no duty to warn of open and obvious dangers, issues of comparative negligence are never reached. Mullens v. Binsky (1998),130 Ohio App.3d 65; Cooper v. Red Roof Inns, Inc. (Mar. 30, 2001), Franklin App. No. 00AP-876; Kirk v. Scioto Downs (Feb. 22, 2001), Franklin App. No. 00AP-1087; Whitelaw v. The Fifty-Five Restaurant Group, Ltd. (Jan. 25, 2001), Franklin App. No. 00AP-668; Mustric v. Penn Traffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277.
{¶ 25} After a careful review and examination of the evidence before the trial court in a light most favorable to appellants, we believe that reasonable minds could come to only one conclusion, and that conclusion is adverse to appellants. The trial court correctly granted appellees' motion for summary judgment. Finding no genuine issue of material fact, we hereby find appellants' first and second assignments of error lack merit.
{¶ 26} Based on the foregoing, appellants' first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and BROWN, JJ., concur.